Filed 1/3/23  P. v. Purcell CA2/8
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>RANDY PURCELL,<br><br>　　Defendant and Appellant. | B307038<br><br>(Los Angeles County<br>Super. Ct. No. VA073043) |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert J. Perry, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, Amanda V. Lopez and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

A jury found defendant and appellant Randy Purcell guilty of first degree felony murder and found true armed-principal, robbery-murder and burglary-murder special-circumstance allegations. In 2011, we affirmed defendant's conviction. (*People v. Purcell* (July 14, 2011, B220077) [nonpub. opn.].)

After the Legislature passed Senate Bill 1437 (2017–2018 Reg. Sess.), which, among other things, amended the felony murder statute, defendant filed a petition for resentencing pursuant to Penal Code former section 1170.95. During the pendency of this appeal, former section 1170.95 was renumbered as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) We refer to the statute only by its new designation for clarity.

Without appointing counsel or accepting any briefing, the trial court summarily denied defendant's petition, reasoning there was extensive evidence implicating defendant in the murder and he had admitted his involvement in the shooting. The trial court found defendant was the actual killer and ineligible for resentencing relief as a matter of law.

In a prior unpublished decision, we affirmed the denial of defendant's petition. (*People v. Purcell* (May 27, 2021, B307038) [nonpub. opn.].) At that time, there was a split in the Courts of Appeal as to whether a jury's true finding on a special circumstance allegation pursuant to Penal Code section 190.2 precluded resentencing relief under section 1172.6. In affirming the trial court's denial, we said that pending further guidance from the Supreme Court, we would follow those cases concluding a true finding did preclude relief and that defendant's remedy was to pursue relief by way of habeas corpus.

Defendant sought and was granted review by the Supreme Court. In August 2022, the Supreme Court issued its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Thereafter, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of *Strong*. In supplemental briefing to this court, the parties agree that remand is warranted to allow the trial court to conduct further proceedings in accordance with Penal Code section 1172.6.

Having vacated our prior decision and reconsidered the issues presented in light of *Strong*, we reverse and remand with directions to the superior court to issue an order to show cause and conduct further proceedings in accordance with Penal Code section 1172.6.

## FACTUAL BACKGROUND

We recite the relevant facts from our prior opinion affirming defendant's conviction:

"[Defendant] rented a room in the house of Hawaiian Gardens gang member Ruben Baltazar. On July 24, 2002, [defendant] and Baltazar went to the home of Tommy Willis intending to rob Willis; [defendant] and Willis were acquainted through work and [defendant] knew Willis kept several hundred dollars in cash at home. During the robbery, Willis was shot dead; in [defendant's] later trial for murder, two of Baltazar's gang associates testified [defendant] told them a few hours after the shooting that [defendant] accidentally shot Willis while Willis and Baltazar struggled. Before fleeing from the crime scene, [defendant] and Baltazar took money and a video camera. Later that evening, Baltazar ordered [defendant] to return to Willis's house with Baltazar's gang associates to clean up the crime scene and steal some more of the valuables, including a telephone

3

answering machine and safe, that he and [defendant] had left behind. The next day, Los Angeles County sheriff's deputies found Willis's body. He had suffered one gunshot wound to his face below his left eye, and a second wound to the back of his neck." (*People v. Purcell, supra,* B220077.)

"[Defendant's] recounting of Willis's murder changed over several interviews with sheriff's investigators and at trial. In a nutshell, [defendant] initially told investigators he went to Willis's home with Baltazar not to rob Willis, but instead to bid on a carpentry job. As [defendant] and Willis discussed [defendant's] cost estimate for the job, Baltazar became angry with Willis and shot him. After several interviews by investigators, [defendant] changed his story, however, and confessed that he shot Willis. But, by the time of trial, he recanted his confession on the ground he had falsely admitted shooting Willis because he feared Baltazar's gang associates would hurt him or his family if he continued to accuse Baltazar of killing Willis. At trial [defendant] revived his original accusation that Baltazar shot Wallis when he became angry with Willis over the carpentry project." (*People v. Purcell, supra,* B220077.)

## DISCUSSION

The Supreme Court explained in *Strong* that its decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, "both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong, supra,* 13 Cal.5th at pp. 706–707.) As a result, *Strong* concluded that "[f]indings

4

issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437.  This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*."  (*Strong,* at p. 710.)

Here, the jury convicted defendant of felony murder and made its true findings on the robbery-murder and burglary-murder special-circumstance allegations before our Supreme Court issued its decisions in *Banks* and *Clark*.  The People therefore concede that remand is appropriate in light of the Supreme Court's discussion and holding in *Strong*.

We agree.  We therefore reverse the trial court's denial of defendant's resentencing petition and remand for further proceedings pursuant to Penal Code section 1172.6, subdivision (c), and if necessary, subdivision (d).

**DISPOSITION**

The order summarily denying defendant's petition for resentencing is reversed and the case is remanded to the superior court.  On remand, the superior court is directed to appoint counsel for defendant if requested and conduct further proceedings pursuant to Penal Code section 1172.6, subdivision (c).  If the court issues an order to show cause, the court shall conduct further proceedings in accordance with section 1172.6, subdivision (d).

GRIMES, J.

WE CONCUR:

STRATTON, P. J.          WILEY, J.

5